**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued October 1, 2021
Decided May 9, 2022

## Before

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-1155

NATIONAL ELEVATOR INDUSTRY
PENSION FUND, *et al.*,
    *Plaintiffs-Appellants*,

*v.*

CONAGRA BRANDS, INC., *et al.*,
    *Defendants-Appellees*.

Appeal from the United
States District Court for the
Northern District of Illinois,
Eastern Division.

No. 19-cv-01323
Martha M. Pacold, *Judge*.

## Order

Conagra Brands acquired Pinnacle Foods in 2018 for about $11 billion in stock and cash. When Pinnacle's sales later fell, and the stock price of the combined firms also fell, several pension funds filed this suit as a class action under the Securities Act of 1933 and Securities Exchange Act of 1934. Claims under the Exchange Act depend on §10(b) of that statute, 15 U.S.C. §78j(b), and the SEC's Rule 10b–5, 17 C.F.R. §240.10b–5, and so are subject to the Private Securities Litigation Reform Act of 1995 (PSLRA or 1995 Act), 15 U.S.C. §78u–4. See *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007).

The district court dismissed all of the class's claims on the pleadings. *West Palm Beach Firefighters' Pension Fund v. Conagra Brands, Inc.*, 495 F. Supp. 3d 622 (N.D. Ill. 2020). (The change of caption since that decision reflects the designation of National Elevator Industry Pension Fund as the lead plaintiff.) The court concluded that the claims under the Exchange Act failed for multiple reasons, including the court's characterization of many contested statements as puffery and others as projections within the 1995 Act's safe harbor.

The judge added that the complaint did not meet the PSLRA's requirement that intent to defraud be shown to be at least as likely as honest error. As the judge observed, the individual defendants were buying Pinnacle (and Conagra) stock at the same time as they were making the contested statements, which implies that they expected the merged firms to flourish. That is inconsistent with an intent to deceive. (That the purchases were small in relation to the $11 billion transaction does not matter; the complaint's allegations do not plausibly imply that the defendants were willing to accept losses on their personal investments to set up a smokescreen for fraud.)

Finally, the judge observed that all of the concrete statements made in connection with the merger were true. For example, while the defendants stated that they expected Pinnacle to continue rapid growth and "serve as a catalyst to accelerate value creation for shareholders" (at once a projection and puffery), they disclosed that Pinnacle's net sales in 2017 of $3.144 billion were only $17 million higher than its net sales in 2016, a growth rate close to one-half of one percent.

Plaintiffs' reply brief in this court contends (Reply Br. 10, 22–23) that statements about two of Pinnacle's brands (as opposed to its overall revenues) were factually false. But this argument was not made in its opening brief; it has been forfeited.

Plaintiffs have abandoned on appeal all claims under the Securities Act of 1933, leaving only the claims subject to the PSLRA. Although they contest almost every aspect of the district court's decision, we conclude that they have not put a dent in it. The decline in Pinnacle's 2018 sales, compared with its 2017 sales, was a business problem, not a securities problem. Cf. *City of Taylor Police and Fire Retirement System v. Zebra Technologies Corp.*, 8 F.4th 592 (7th Cir. 2021). Substantially for the reasons given by the district court, the judgment is

AFFIRMED.